**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-4332 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| OVERSTOCK.COM INC., | ) | |
| SEARS HOLDINGS CORP., | ) | |
| SEARS, ROEBUCK AND CO., | ) | |
| POLYVORE, INC., and | ) | |
| SHOP HOLDING CORP. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff NATIVE AMERICAN ARTS, INC. ("NAA"), by its undersigned attorneys,

complains of Defendants OVERSTOCK.COM INC. ("Overstock"), SEARS HOLDINGS

CORPORATION and SEARS, ROEBUCK AND CO. (collectively referred to as "Sears"),

POLYVORE, INC. ("Polyvore"), and SHOP HOLDING CORP. ("Bizrate") as follows:

**NATURE OF THE CASE**

1.      This is an action for violation of 25 U.S.C. §305, et seq., and 25 U.S.C. §305e, the

Indian Arts and Crafts Act of 1990, and the Indian Arts and Crafts Enforcement Act of 2000

(collectively the "IACA"). The IACA prohibits a person or entity from directly or indirectly

offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are

Indian produced, Indian products, or the products of a particular Indian, an Indian tribe, or an

Indian arts and crafts organization.

2.     The IACA further provides that a "civil action [under the IACA] may be initiated by... an Indian arts and crafts organization." 25 U.S.C. § 305e(d)(1)(A)(iii).

**PARTIES**

3.     NAA, is a Native American-owned arts and crafts organization headquartered in the Northern District of Illinois. NAA manufactures, distributes, and sells only authentic Native American arts, crafts and jewelry from its store and nationwide over the internet from its website. All of NAA's products are created by Native American artisans from recognized Native American tribes.

4.     NAA is wholly owned by registered members of the Ho-Chunk Nation, a federally-recognized Native American tribe.[1] NAA is an Indian arts and crafts organization as defined by 25 U.S.C. § 305e.

5.     NAA has invested substantial time, money and effort over many years to advertise, market and promote Authentic and Genuine Native American arts, crafts and jewelry in Illinois and throughout the United States through its store and over the internet on its website.

6.     From 1996 to the present, NAA spent more than $52,000 advertising and marketing its Authentic and Genuine Native American arts, crafts and jewelry across multiple advertising channels including catalogs, newspapers, internet, radio, email, direct mail, flyers, and in-store signage. NAA has spent approximately an additional $25,000 on web advertising and on its web page over that same period. NAA has also engaged in extensive public relations and educational efforts to promote Authentic and Genuine Native American arts, crafts and jewelry.

---

[1]     79 Fed. Reg. 4748 (Jan. 29, 2014).

7.     To counteract the damage counterfeiters have done to the value of the "Native American Designed" and "Native American Made" and Authentic and Genuine Native American designations of origin, NAA has made efforts to bolster the value of those designations through additional advertising and public relations work and efforts to educate the public.

8.     As a direct result of its extensive public relations and educational efforts, NAA has appeared in numerous newspaper articles which discuss its product offerings and efforts to educate the public about Authentic and Genuine Native American arts and crafts.

9.     NAA has a protectable interest in maintaining the integrity of the Native American Arts marketplace and the Authentic and Genuine Native American designations of origin conferred to it by the IACA upon which its business relies for its revenues and goodwill.

10.     Overstock is a Delaware corporation having its principal place of business in Salt Lake City, Utah. Overstock is an online retailer with annual revenues of $1.5 Billion. Overstock advertises and sells a wide range of consumer products throughout the United States through its website.

11.     Sears Holdings Corporation ("SHC") is a Delaware corporation having its principal place of business in Hoffman Estates, Illinois.

12.     Sears, Roebuck and Co. ("SRC") is a New York corporation having its principal place of business in Hoffman Estates, Illinois. SRC is registered to do business in the State of Illinois. SRC is a wholly owned subsidiary of SHC and the two are referred to collectively as Sears in this Complaint.

13.     Sears, together with its subsidiaries, owns and operates 4,000 Kmart and Sears retail stores, as well as the sears.com, kmart.com, and kenmore.com websites. Among other

things, Sears displays for sale a wide range of consumer products on its online Sears Marketplace. Sears generated revenues of $31.198 Billion in 2014.

14.    Polyvore is a Delaware corporation having its principal place of business in Mountain View, California. Polyvore is a social media commerce website. As of May 2014, Polyvore receives approximately 20 million unique monthly visitors.

15.    Bizrate is a Delaware Corporation having its principal place of business in Los Angeles California. Bizrate owns and operates numerous online retailers including Bizrate.com. Bizrate sells products in Illinois through its interactive websites including Bizrate.com.

## JURISDICTION AND VENUE

16.    Jurisdiction over this actions is conferred by 28 U.S.C. §1331, as this claim arises under the federal law.

17.    Venue is proper in the Northern District of Illinois because Northern District of Illinois is where the injury to NAA occurred in diluting the Genuine and Authentic Native American made designations of origin upon which its business relies for its revenues and goodwill.

## FACTUAL BACKGROUND

### *Overstock's Advertising of Inauthentic Native American Products*

18.    Since at least on or about November 3, 2012, Overstock has advertised, marketed and sold through its website at least 12 jewelry items as Native American designed, made, created and/or handmade:

**Journee Collection Silver Genuine Turquoise and Spurite Handcrafted Earrings**



These stylish dangle earrings feature genuine turquoise and purple spurite stacked on sterling silver shepherd's hooks backings. *This pair is an original design by Native American craftsmen and made in the USA*. *See* <u>Exhibit A</u> (emphasis added).

**Tressa Sterling Silver Genuine Turquoise Inlay Southwest Money Clip**



Bold and primal, this beautiful genuine turquoise, lapis, and coral money clip features an organic composition that is strong and pleasing to the eye. *The sterling silver jewelry is an original design hand-made by Native American Indian craftsmen*. *See* <u>Exhibit B</u> (emphasis added).

**<u>Tressa Sterling Silver Genuine Coral Necklace</u>**



Showcasing an oval-shaped coral stone, this pendant exudes a natural, earthy style. *This sterling silver jewelry is an original design made by Native American craftsmen*. *See* <u>Exhibit C</u> (emphasis added).

**<u>Journee Collection Sterling Silver Genuine Green Turquoise Owl Necklace</u>**



Showcasing an owl made from green turquoise, this pendant is both earthy and stylish. *This sterling silver jewelry is an original design made by Native American craftsmen*. *See* <u>Exhibit D</u> (emphasis added).

**<u>Journee Collection Sterling Silver Genuine Turquoise Arrowhead Necklace</u>**



Showcasing an arrowhead made from green turquoise, this pendant is both earthy and stylish. *This sterling silver jewelry is an original design made by Native American craftsmen. See* <u>Exhibit E</u> (emphasis added).

### Journee Collection Sterling Silver Genuine Green Turquoise Necklace



Showcasing four bezel-set turquoise stones, this pendant has a natural, earthy style. *This sterling silver jewelry is an original design made by Native American craftsmen. See* <u>Exhibit F</u> (emphasis added).

### Journee Collection Sterling Silver Genuine Turquoise and Red Coral Stud Earrings



Simple, yet stylish, these stud earrings feature a triangular shape with inlaid turquoise and coral. *This sterling silver jewelry is an original design made by Native American craftsmen. See* <u>Exhibit G</u> (emphasis added).

### Journee Collection Sterling Silver Genuine Red Coral Ladybug Necklace



Showcasing a coral ladybug design, this pendant is both earthy and stylish. *This sterling silver jewelry is an original design made by Native American craftsmen.* *See* <u>Exhibit H</u> (emphasis added).

### Journee Collection Sterling Silver Bead and Feather Necklace



This beautifully polished sterling silver necklace features a detailed feather with turquoise bead accents. *The jewelry is an original design handmade by Native American craftsmen.* *See* <u>Exhibit I</u> (emphasis added).

## Journee Collection Sterling Silver Cross Stud Earrings



Delicate and unique, these beautiful stud earrings feature an antiqued cross depiction. Designed and created by original Native American Indians, this jewelry is hand crafted of sterling silver with a highly polished finish. *See* <u>Exhibit J</u> (emphasis added).

## Riverbend Sterling Silver Turquoise Handcrafted Drop Earrings



These gorgeous drop earrings by Riverbend are handcrafted with Native American craftsmanship and feature lustrous polished sterling silver. A dangle style design is accented with turquoise accents and hangs from shepherd hook clasps. *See* <u>Exhibit K</u> (emphasis added).

**<u>Riverbend Sterling Silver Turquoise Handcrafted Drop Earrings</u>**



*These gorgeous drop earrings by Riverbend are handcrafted with Native American craftsmanship and feature lustrous polished sterling silver.* Vibrant oval turquoise pendants hang from shepherds hook claps to complete the look of these stylish earrings. *See* <u>Exhibit L</u> (emphasis added).

19.     On information and belief, the claimed authentic Native American jewelry listed on Overstock's website are mass produced by non-Native American labor, and are neither handmade by Native Americans nor designed by a Native American.

*Sears' Advertising of Inauthentic Native American Products*

20.     Since at least on or about November 3, 2012, Sears has displayed for sale and earned a financial benefit from the sale of at least two jewelry items which are advertised as Native American designed, made, created and/or handmade:

**<u>Tressa Collection Tressa Silver Genuine Turquoise and Spurite Handcrafted Earrings</u>**



These stylish dangle earrings feature genuine turquoise and purple spurite stacked on sterling silver shepherd's hooks backings. *This pair is an original design by Native American craftsmen* and made in the USA. *See* <u>Exhibit M</u> (emphasis added).

### **RIVERBEND Sterling Silver Turquoise Handcrafted Drop Earrings**



These gorgeous drop earrings by Riverbend are *handcrafted with Native American craftsmanship* and feature lustrous polished sterling silver. A dangle style design is accented with turquoise accents and hangs from shepherd hook clasps. *See* <u>Exhibit N</u> (emphasis added).

21.     On information and belief, the claimed authentic Native American jewelry listed on Sears's website are mass produced by non-Native American labor, and are neither handmade by Native Americans nor designed by a Native American.

*Polyvore's Advertising of Inauthentic Native American Products*

22.     Since at least on or about November 3, 2012, Polyvore has displayed for sale and earned a financial benefit from the sale of a jewelry item which is advertised as Native American designed, made, created and/or handmade:

**Riverbend Sterling Silver Turquoise Handcrafted Drop Earrings**



*These gorgeous drop earrings by Riverbend are handcrafted with Native American craftsmanship and feature lustrous polished sterling silver.* Vibrant oval turquoise pendants hang from shepherds hook claps to complete the look of these stylish earrings. *See* Exhibit O (emphasis added).

23.     On information and belief, the claimed authentic Native American jewelry listed on Polyvore's website is mass produced by non-Native American labor, and is neither handmade by Native Americans nor designed by a Native American.

24.     Since at least on or about November 3, 2012, Bizrate has displayed for sale and earned a financial benefit from the sale of a jewelry item which is advertised as Native American designed, made, created and/or handmade:

**Tressa Sterling Silver Genuine Turquoise Inlay Southwest Money Clip**



Bold and primal, this beautiful genuine turquoise, lapis, and coral money clip features an organic composition that is strong and pleasing to the eye. *The sterling*

*silver jewelry is an original design hand-made by Native American Indian craftsmen. See* <u>Exhibit P</u> (emphasis added).

25.     On information and belief, the claimed authentic Native American jewelry listed on Bizrate's website is mass produced by non-Native American labor, and is neither handmade by Native Americans nor designed by a Native American.

26.     NAA sent a letter to the manufacturer and/or distributer of the jewelry identified in Paragraphs 18, 20, 22, and 24 *supra* asking it to provide proof that one of its products sold by another major retailer is in fact Native American produced; it ignored this request. On information and belief, in light of the manufacturer and/or distributer's failure to respond and other information NAA has obtained including that a major retailer has changed its advertising to remove any reference to Native American craftsmanship immediately after being sued, NAA believes the jewelry items identified in Paragraphs 18, 20, 22, and 24 *supra* are not in fact produced by Native Americans.

## <u>COUNT I</u>
### (Overstock's Violations of the Indian Arts and Crafts Act)

27.     Plaintiff realleges paragraphs 1-26.

28.     The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e

29.     In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft

work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

30.     The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

31.     The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

32.     NAA is an Indian arts and crafts organization under the IACA.

33.     The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

34.     On information and belief, the jewelry identified in Paragraph 18 *supra* was not produced, designed, or manufactured by individuals who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, *et. seq*.

35.     Overstock advertises, markets, and sells the jewelry identified in Paragraph 18 *supra* as Indian produced and Indian products.

36.     Overstock has used the unqualified phrase "made by Native American craftsmen" when advertising, marketing, and selling the jewelry identified in Paragraph 18 *supra* on its website.

37.     On information and belief, the jewelry identified in Paragraph 18 *supra* is not in fact Indian products, nor was it Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

14

38.     By advertising, marketing, and selling a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" Overstock diluted and tarnished this designation of origin and diminished its distinctiveness and value.

39.     NAA's business, reputation and goodwill are directly tied to the "Indian produced" and "Indian product" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Sears's counterfeiting activities as alleged herein.

40.     In passing off the jewelry identified in Paragraph 18 *supra* as Indian produced and Indian products, Overstock is taking a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of Overstock's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin.

41.     As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Sears's IACA violations alleged herein.

42.     Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

43.     Overstock's advertising, marketing, and selling the jewelry identified in Paragraph 18 *supra* in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Overstock as follows:

a)      Award statutory damages of $1000 per day for the number of days Overstock violated the IACA by falsely offering the jewelry items as authentic Native American products or Native American produced;

b)      Award reasonable attorney's fees and costs of suit;

c)      Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Overstock from continuing to misrepresent the jewelry items as a Native American product or Native American produced when it is not in fact an Indian product or Indian produced.

## COUNT II
### (Sears' Violations of the Indian Arts and Crafts Act)

44.      Plaintiff realleges paragraphs 1-26.

45.      The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e.

46.      In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

47.      The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

48.      The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

49.      NAA is an Indian arts and crafts organization under the IACA.

50.     The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

51.     On information and belief, the jewelry listed on Sears's website were not produced, designed, or manufactured by individuals who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, *et. seq.*

52.     Sears displays for sale and earns a financial benefit from the sale of the jewelry identified in Paragraph 20 *supra* as Indian produced and Indian products.

53.     On information and belief, the jewelry identified in Paragraph 20 *supra* are not in fact Indian products, nor were they Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

54.     By displaying for sale a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" Sears diluted and tarnished this designation of origin and diminished its distinctiveness and value.

55.     NAA's business, reputation and goodwill are directly tied to the "Indian produced" and "Indian product" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Sears's counterfeiting activities as alleged herein.

56.     In passing off the jewelry identified in Paragraph 20 *supra* as Indian produced and Indian products, Sears is taking a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and

17

proximate cause of Sears's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin.

57.     As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Sears's IACA violations alleged herein.

58.     Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

59.     Sears's displaying for sale of the jewelry identified in Paragraph 20 *supra* in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Sears as follows:

d)      Award statutory damages of $1000 per day for the number of days Sears violated the IACA by falsely offering the Earrings as Indian products or Indian produced;

e)      Award reasonable attorney's fees and costs of suit; and

f)      Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Sears from continuing to misrepresent the Earrings as an Indian product or Indian produced when it is not in fact an Indian product or Indian produced.

## COUNT III
### (Polyvore's Violations of the Indian Arts and Crafts Act)

60.     Plaintiff realleges paragraphs 1-26.

61.     The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e.

62.     In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that  "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

63.     The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

64.     The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

65.     NAA is an Indian arts and crafts organization under the IACA.

66.     The IACA provides for the greater of treble damages, or $1,000 per product, per day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F. Supp. 2d 905, 912-13 (N.D. Ill. 2001).

67.     On information and belief, the jewelry identified in Paragraph 22 *supra* was not produced, designed, or manufactured by individuals who are Indians, members of an Indian tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined by 25 U.S.C. § 305e and § 305, *et. seq.*

68.     Polyvore displays for sale the jewelry identified in Paragraph 22 *supra* as Indian produced and Indian products.

69.     On information and belief, the jewelry identified in Paragraph 22 *supra* is not in fact Indian products, nor was it Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the corresponding regulations.

70.     By displaying for sale a product that "that falsely suggests it is Indian produced [or] an Indian product[,]" Polyvore diluted and tarnished this designation of origin and diminished its distinctiveness and value.

71.     NAA's business, reputation and goodwill are directly tied to the "Indian produced" and "Indian product" designations of origin. NAA has suffered a reputational injury and loss of goodwill and reputation to its business and the intellectual property rights and congressionally granted designations of origin it relies upon as a direct and proximate result of Sears's counterfeiting activities as alleged herein.

72.     In passing off the jewelry identified in Paragraph 22 *supra* as Indian produced and Indian products, Polyvore is taking a free ride on NAA's time, effort and investment in promoting Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and proximate cause of Polyvore's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin.

73.     As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Sears's IACA violations alleged herein.

74.     Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

75.     Polyvore's displaying for sale the jewelry identified in Paragraph 22 *supra* in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Polyvore as follows:

g)      Award statutory damages of $1000 per day for the number of days Polyvore violated the IACA by falsely offering jewelry as Indian products or Indian produced;

h)      Award reasonable attorney's fees and costs of suit; and

i)      Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Polyvore from continuing to misrepresent jewelry as an Indian product or Indian produced when it is not in fact an Indian product or Indian produced.

## COUNT IV
### (Bizrate's Violation of the Indian Arts and Crafts Act)

76.     Plaintiff realleges paragraphs 1-26.

77.     The IACA prohibits a person from directly or indirectly offering, displaying for sale, or selling goods in a manner that falsely suggests those goods are (1) Indian produced, (2) an Indian product, or (3) the product of a particular Indian or Indian tribe or Indian arts and crafts organization. 25 U.S.C. § 305e.

78.     In the IACA, Congress delegated the task of defining "Indian Product" to the Secretary of the Interior. 25 U.S.C. § 305e(a)(2). The Secretary of the Interior defined "Indian product" as any art or craft product made by an Indian. 25 C.F.R. 309.2(d)(1). The Secretary further states that  "made by an Indian" means that an Indian has provided the artistic or craft work labor necessary to implement an artistic design through a substantial transformation of materials to produce the art or craft work." 25 C.F.R. 309.2(d)(1).

79.     The IACA is a strict liability statue and thus liability does not depend upon the defendant's intent.

80.     The IACA provides that a "civil action [under the statute] may be initiated by . . . an Indian arts and crafts organization" for violation of the act. 25 U.S.C. § 305e(d)(1)(A)(iii).

81.     NAA is an Indian arts and crafts organization under the IACA.

82.     The IACA provides for the greater of treble damages, or $1,000 per product, per

day a violation occurs. 25 U.S.C. § 305e(b); *Native Am. Arts, Inc. v. Bundy-Howard, Inc*, 168 F.

Supp. 2d 905, 912-13 (N.D. Ill. 2001).

83.     On information and belief, the jewelry identified in Paragraph 24 *supra* was not

produced, designed, or manufactured by individuals who are Indians, members of an Indian

tribe, recognized non-member Indian artisans, or Indian arts and crafts organizations as defined

by 25 U.S.C. § 305e and § 305, *et. seq*.

84.     Bizrate displays for sale the jewelry identified in Paragraph 24 *supra* as Indian

produced and Indian products.

85.     On information and belief, the jewelry identified in Paragraph 24 *supra* is not in

fact an Indian product, nor was it Indian produced, as defined in 25 U.S.C. § 305 *et. seq.* and the

corresponding regulations.

86.     By displaying for sale a product that "that falsely suggests it is Indian produced

[or] an Indian product[,]" Bizrate diluted and tarnished this designation of origin and diminished

its distinctiveness and value.

87.     NAA's business, reputation and goodwill are directly tied to the "Indian

produced" and "Indian product" designations of origin. NAA has suffered a reputational injury

and loss of goodwill and reputation to its business and the intellectual property rights and

congressionally granted designations of origin it relies upon as a direct and proximate result of

Sears's counterfeiting activities as alleged herein.

88.     In passing off the jewelry identified in Paragraph 24 *supra* as Indian produced and

Indian products, Bizrate is taking a free ride on NAA's time, effort and investment in promoting

Authentic and Genuine Native American arts and crafts. NAA suffered injury as a direct and

proximate cause of Bizrate's "free ride" on NAA's time, money and efforts to enhance the value of the congressionally granted designations of origin.

89.     As an Indian arts and crafts organization, NAA is entitled to statutory damages and attorney's fees and costs under the IACA due to Sears's IACA violations alleged herein.

90.     Title 25 U.S.C. § 305e(a) of the IACA also provides for injunctive and other equitable relief.

91.     Bizrate's displaying for sale the jewelry identified in Paragraph 24 *supra* in a manner that falsely suggests they are Indian produced or Indian products should be enjoined as no adequate remedy at law exists. NAA will be irreparably injured without an injunction as actual damages are difficult to measure.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Polyvore as follows:

j)      Award statutory damages of $1000 per day for the number of days Polyvore violated the IACA by falsely offering jewelry as Indian products or Indian produced;

k)      Award reasonable attorney's fees and costs of suit; and

l)      Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent Polyvore from continuing to misrepresent jewelry as an Indian product or Indian produced when it is not in fact an Indian product or Indian produced.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

NATIVE AMERICAN ARTS, INC.
By:   /s/ John Auchter
                One of its Attorneys

Peter S. Lubin
Vincent L. DiTommaso
John Auchter
DITOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL  60181
(630) 333-0000